**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

FILED

APR 1 4 2016

DAVID CREWS, CLERK
BY_____
　　　　　　　　Deputy

FRANK SIVORT
_____
　　　　　　　Plaintiff

v.

CASE NO. 4:16CV74-DMB-JMV

MARSHALL FISHER, M.D.O.C., et al.
_____
　　　　　　　Defendant

**PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT**

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: FRANK SIVORT

   B. Name under which sentenced:

   C. Inmate identification number: 35659

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): UNIT 29 D BUILDING PARCHMAN, MS, 38738

   E. Place of confinement: PARCHMAN

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: MARSHALL FISHER

   Title (Superintendent, Sheriff, etc.): COMMISSIONER - M.D.O.C.

   Defendant's mailing address (street or post office box number, city, state, ZIP) 633 NORTH STATE STREET JACKSON, MS, 39202

Name: *EARNEST LEE*

Title (Superintendent, Sheriff, etc.): *SUPERINTENDENT – PARCHMAN*

Defendant's mailing address (street or post office. box number, city, state, ZIP)
*P.O. BOX 1057*
*PARCHMAN, MS, 38738*

Name: *(M) TIMOTHY MORRIS – WARDEN – U29*

Title (Superintendent, Sheriff, etc.): *WARDEN*

Defendant's mailing address (street or post office box number, city, state, ZIP)
*P.O. BOX 805 – UNIT 29*
*PARCHMAN, MS, 38738*

Name: *MARSHALL TURNER*

Title (Superintendent, Sheriff, etc.): *WARDEN – UNIT 29*

Defendant's mailing address (street or post office box number, city, state, ZIP)
*P.O. BOX 805 – UNIT 29*
*PARCHMAN, MS, 38738*

(If additional Defendants are named, provide on separates sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?  ☒ Yes    ☐ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

   A. Parties to the lawsuit:

      Plaintiff(s): *SIVORI*

      Defendant(s): *EPPS, et al*

   B. Court: *U.S.D.C. HATTIESBURG*    C. Docket No.: *2:09 cv 79 MP*

   D. Judge's Name: *MICHAEL PARKER*    E. Date suit filed: _____

   F. Date decided: *24 MARCH 2009*    G. Result (affirmed, reversed, etc.): *GRANTED*

5. Is there a prisoner grievance procedure or system in the place of your confinement?  ☒ Yes    ☐ No

6. If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below).  ☒ Yes    ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

CONTINUATION QUESTION TWO

Mr. Andrew Mills, Deputy Warden                    Defendant          Both Capacities
P.O. Box 805 - Unit 29
Parchman, MS, 38738

Mr. Wendell Banks, Deputy Warden                   Defendant          Both Capacities
P.O. Box 805 - Unit 29
Parchman, MS, 38738

Ms Marylen Sturdivant, Associate Warden            Defendant          Both Capacities
P.O. Box 850 - Unit 29 - Area 1
Parchman, MS, 38738

Chaplain Wigglesworth                              Defendant          Both Capacities
P.O. Box 40
Parchman, MS, 38738

Mr Stanley Brooks, Director                        Defendant          Both Capacities
M.P.A.E - Agricultural Enterprises
Parchman, MS, 38738

Mr. Roger Davis, Food Service Director             Defendant          Both Capacities
Valley Foods - P.O. Box 129
Parchman, MS, 38738

# CONTINUATION QUESTION TWO

Mr. Chris Blaine, Director          Defendant       Both Capacities
Unit 29 Kitchen, Food Service
Parchman, MS, 38738


Food Service Supervisors:           Defendants      Both Capacities
Gooden, Spearmon, Rash,
Parker, and Washington
Unit 29 Kitchen
Parchman, MS, 38738


Correctional Supervisor Lt. Romander Nelson      Defendants      Both Capacities
Sgt. S. Williams, C.O. IV
K-9 Unit, Parchman, MS, 38738

M.D.O.C., et al.


## Previous Lawsuits


United States District Court, Southern District, Hattiesburg, MS. Sivori vs Epps, et al., 2:07 cv 79-MTP, decided 24 March 2009. Plaintiff prevailed.


United States District Court, Northern Division, Aberdeen, MS. Sivori vs Foster, et al., 4:10 cv 08-M-A, decided 22 March 2012. Plaintiff prevailed through Agreed Settlement Order.



CONTINUATION QUESTION FOUR

SIVORI
FOSTER, Etal
USDC - ABERDEEN                4:10 cv 08 M-A
JUSTICE MILLS
22 MARCH 2012                  SETTLEMENT

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 3

A. Does the grievance system place a limit on the time within which a grievance must be presented?  ☒ Yes   ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed?  ☒ Yes   ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

FAILURE TO PROVIDE KOSHER DIET STAPLES AS
AGREED TO IN PREVIOUS FILING. BEING GIVEN SPOILT
VEGETABLES + FRUIT. TRAYS HAVE NON KASHRUT ITEMS IN/ON
THEM. TRAYS NOT BEING GIVEN. LACK OF PROPER SUBSTITUTION
FOR NON KASHRUT PRODUCT

A.R.P GAVE COMPLAINT TO WHOM THEY CHOSE - NOT
ONES VIOLATING THE R.U.I.L.P.A.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

FIRST STEP FORWARDED TO AND RESPONDED TO BY WRONG PARTY

SECOND STEP RESPONSE DENIED AS I WAS NOT TELLING
THE TRUTH AND INFORMING ME THAT IF I WANT
A RELIGIOUS DIET TO GO THROUGH THE CHAPLAINS DEPARTMENT

EXCUSE ME BUT I AM COMPLAINING ABOUT THEM NOT
SUPPLYING A PROPER DIET FOR A RELIGIOUS ONE. I AM
ALREADY ON

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP-2

NUMBER _41KP_ - _15_ - _2149_

## // FIRST STEP RESPONSE FORM

Type or use ball point pen. You must return your response to the Legal Claims Adjudicator within 30 days of the date the request was initiated.

TO: _Frank Sivori # 35659_       _29A_

Inmate's Name and DOC#       Housing Unit

FROM: _Stanley WBurns_       _A. Est._

Person to whom 1st Step is Directed       Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Legal Claims Adjudicator within 5 days of your receipt of this decision.

ACCORDING TO THE KITCHEN STAFF AT UNIT 29 WE ARE PROVIDING YOU WITH THE ITEMS (3 SANDWICHES AND FRESH VEGETABLES) THAT HAS BEEN PREVIOUSLY AGREED UPON BY YOU AND MDOC. ALL REGILIOUS DIET REQUEST MUST BE INITIATED THROUGH THE CHAPLAINS OFFICE. THESE DIETS MUST BE APPROVED BY THE DIRECTOR OF THE CHAPLAIN DEPARTMENT AND THE FOOD SERVICE DIRECTOR. YOUR OTHER REQUEST WOULD NOT FALL WITHIN THE APPROVAL AUTHORITY OF THE FOOD SERVICE DIRECTOR.

_Stanley WBurns_       _10/27/15_

Signature       Date

X I am not satisfied with this response and wish to proceed to Step Two.
REASON: SEE ATTACHED ADDENDUM - SIVORI MSP 15 2149 SIGNED + DATED BY MY OWN HAND

( ) I wish to cancel this complaint. You do not have to return this and time limit will cancel complaint.

_Frank Sivori_    _35659_       _06 NOVEMBER 2015_

Inmate's Signature    DOC#       Date

Inmate's - COPY

# Addendum

Mississippi Department Of Corrections
Administrative Remedy Program – MSP 15-2149
Second Step Response – Savory, Frank, 35659

I Am not satisfied with the First Step Response And will proceed to the Second Step taken below:

1) The original A.R.P. complaint does not inquire into how to obtain A Religious Diet, i.e, As in who initiates And Approves the diet. See original complaint And First Step Response A.R.P. No. M.S.P. 15: 2149.

2) The Respondent only Addressed the snack bag issue, And that in An improper fashion As I complained not about the peanut butter sandwiches, but about being served spoilt vegetables in my snack bag. Refer original complaint And First Step Response A.R.P. No. M.S.P. 15: 2149.

3) Respondent failed to pursue the food tray Aggrievment in regards to the non-Kashrut status, And the incorrect substitute of food product. See original complaint And First Step Response A.R.P. No. 15: 2149.

4) Finally, the A.R.P. No. M.S.P. 15: 2149, First Step, was forwarded to Stanley Brooks, F.S.D., Ag. Ent. who states beyond Any doubt he has NO APPROVAL AUTHORITY over the A.R.P. M.S.P. No. 15: 2149. This truly boggles my mind As he is both F.S.D. And Director of Ag. Ent., both of which completely cover the operation of the Unit 29 Kitchen And nothing in my complaint falls outside of his / its jurisdiction

Sivory is still seeking that his entire complaint be Addressed And



F.S.

that he be granted his six (6) points of Relief requested in the
A.R.P. M.S.P. No. 15-2149

Attempted to be respectfully submitted by my own hand this 06th day of
November 2015 At Unit 29 D Building VIA the BLACK BOX A.R.P. system
located Not in the buildings sallyport. NO BLACK BOX HAS BEEN LOCATED
IN THE UNIT 29's D BUILDING FOR THE FOLLOWING DATES:

06, 07, 08, 09,   NOVEMBER 2015. fed

File: Copy

Frank Shaw, 35659
FRANK SHAW



# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## MSP-15-2149

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Frank Savori # 35659**
Unit: **29-D**

FROM: **Earnest Lee**
Title: **Superintendent**

---

An investigation has been conducted into your complaint, which was received in our office on November 20, 2015, concerning spoiled vegetables and wanting to prepare your own food.

According to Mr. Stanley Brooks, unit 29 Kitchen staff has provided you with the items (three sandwiches and fresh vegetables) that was previously agreed by MDOC and you. If you are wanting a religious diet, the request must be made through the Chaplain's department.

_____         _____1/7/16_____
Signature                                Date

---

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

_____   35659      _28 January 2016_
Inmate's Signature         DOC #          Date



ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 4

---

**Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

---

8.    If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

N/A

_____

_____

_____

_____

9.    Write below, as briefly as possible, the **facts** of your case. Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

Sivori has tried to obtain relief from this Court on three separate occasions through post petitions and has been denied such by this Court with instructions to file a separate §1983. It is from these directives Sivori is now filing another civil suit against the M.D.O.C. in regards to his Kashrut diet.

In an ongoing attempt to resolve this matter outside of judicial intervention, Sivori has continued to beseech the M.D.O.C. on an almost daily basis to correct these problems, and has even offered solutions on how to accomplish this. Refer Exhibits No. 39 (a), (b), and 55 (a).

Sivori filed a complaint in this Court, Sivori v. Foster, et al., 4:10 cv 08 MA concerning his right of worship under the U.S. Constitution and its Amendments. He included an R.L.U.I.P.A. claim in this. Through an Agreed Order signed 22 March 2012 by Michael P. Mills, U.S.D.C. Justice, both plaintiff and the M.D.O.C. agreed to place Sivori on a modified diet approved by the staff at the MS. Dept. of Corrections

CONTINUATION QUESTION NINE

This will fulfill the requirements within the M.D.O.C. and Sivori's Faith component. After much trial and error this was worked out to what Sivori believed was to both parties satisfaction. Initially this worked well and Sivori was content.

At some point in time things started going south for Sivori. His food trays at times were non-kashrut and when he refused them M.D.O.C. intimated he was refusing a kashrut tray. See Exhibit Nos 02, 75, 76, 97

This falsehood perpetrated by the M.D.O.C. allows them to violate Sivori's Kashrut diet at will, making it appear that he is the perpetrator. This non-kashrut tray usually entails non-kashrut meat being mixed with cooked vegetables such as the turnip or mustard greens or the green and pinto/kidney beans. At times his trays have even included rendered/blended meats such as salami, bologna, ect. and ham and sausage. These are the types of tray he will refuse, and upon his returning them, the M.D.O.C. personnel will become irate. When this is not corrected, and at times it is not, I fail to eat.

Next we have the issue of when the trays are sent out to the building. At times when this occurs, they do not send out my tray. See Exhibit 100, 04, 02 The building officer will call the kitchen and they (kitchen) may say they did so send it and will refuse to send one again. Or they may tell the officer to come retrieve it, and then refuse to give it to them when they set out to do so. Yet again they may say it is in route over and over until the kitchen closes at night, and I do not get one. Or they may put off sending my breakfast tray until lunch time, and I will not receive my breakfast. This really frustrates the building officer and myself.



CONTINUATION QUESTION NINE

When the trays of food are sent out to the buildings an inventory is conducted by the Food Service Supervisor to assure that all food product is loaded and sent. They sign off on this on a inventory/delivery sheet. Upon picking up and/or receiving this food product, the building officer signs this same sheet acknowledging the product listed on this sheet is actually on the food cart. See Exhibit 100, 101, 102. Sivori obtained this copy through much difficulty as the M.D.O.C. holds tight to even unrestricted material. This inventory sheet lists both diet trays and snack bags. Please note that on this date, as on many others, no diet tray or snack bags sent out to Unit 29 D Bldg.

Sivori also receives a snack bag. Some of the items in this bag include fresh fruit and vegetables. Today, 03 February 2016, and I am still receiving carrots dated use by October and November 2015. These carrots have black tips on one end, and roots springing forth on the other.

Many times I have received broccoli that is grey to black in colour with fungus and/or mold on it, decayed and putrid. Cauliflower has been brown, soft, pulpy, and sour. Even the oranges at times are corrupt. On 03 February 2016, I returned the carrots because of this corruption. They brought out a second bag, although not as bad as the former, was still corrupt. This bag was returned by me as well.

On 04 February 2016, they took the carrots out of the bag, and cleaned them up some by pulling off the roots and cutting the tips off. However, it was still clearly evident these carrots were NOT KASHRUT.

# CONTINUATION QUESTION NINE

If an item is not available for the snack bag, for whatever reason, it is to be substituted for a like item. At times the M.D.O.C. manages to accomplish this. On 03 February 2016 it failed to do so.

In the past, M.D.O.C. would add an extra cup of peanut butter as a substitute. At other times it would use celery, radishes, cherry tomatos, bell peppers, apples, and on occasion an onion. He has been allocated extra oranges, and even a minor salad mix of lettuce, with shredded purple cabbage and carrots. All of these are acceptable if fresh. Was even given cucumbers in past.

On 05 February 2016, I was given spoilt carrots in my snack bag again. They were removed from the carrot bag with the roots removed. They were worse then yesterdays. I returned them, as I did yesterday, and today, even had the foresight to make note of this on my receipt log. As noted and can be seen on the Exhibit 110 of the Food Service Supervisor approves of and signs off on these items. They refuse to acknowledge it, much less make it right.

As a way to verify the actual serving and receiving of my Kashrut diet, the M.D.O.C. implemented an Special Order Diet Sheet Log for which I am to sign upon receiving both my trays and snack bags. This would work if Sivori was allowed to do this at every meal daily. Sivori has not signed for his meals (he believes) since the middle of 2014.

At times when Sivori actually enters the dining area, the snack log sheet is not available. When trays are brought out to the



CONTINUATION QUESTION NINE

building it seems upon picking them up, if the snack bag is included the Corrections Officer will sign for my snack bag.

First, it may be shrink wrapped enclosed with the trays and the C.O. is unable to check it for completion and freshness. Even if not enclosed, most C.O.'s do not know what is to be inside the bag and how many of each.

Second, the trays are brought out to the building and when the meal is completed, they are brought back to the kitchen. As such so can my Diet Sheet Log. Yet the M.D.O.C. states this cannot be accomplished by them.

Third, what is the purpose of implementing a fail safe program, i.e., signature receipt logs, instructions to call Deputy Warden, inform the building officers if none of these are being accomplished properly by the M.D.O.C. See Exhibits Nos 11, 49 75, 76, 85, 98, 99 / 90 / 54, 88.

Valley Foods and the M.D.O.C. would have you believe that my trays and snack bags are always delivered [given to me] and that they are Kashrut and complete with all the items included, or if there is some discrepancy, it rarely occurs. This fly's in the face of all the evidence.

I have enclosed three (3) Valley Foods Delivery Sheets. The one dated 05 March 2014 was a Wensday. It indicates 160 trays sent out to Unit 29 K Building showing the quality checked by B. Parker, F.S.S. An Officer Vance went to Unit 29 Kitchen and retrieved these trays. Observe signature on delivery sheet. They arrived at U29K at 1010 hours and left at 1025 hours. B. Parker signed as supervisor. Please note no snack bags or diet trays listed on delivery sheet.



# CONTINUATION QUESTION NINE

On the 03rd of September 2015 the delivery sheet again indicated no diet trays or snack bags forwarded to the building. No one signed for picking up or delivery of these trays. Hence, no accountability on one side of the spectrum. A F.S.S. Gooden signed off on the quality of them.

Again we have 07 February 2016. This is a total fiasco. It is a breakfast meal. These were pre-filled trays with no number listed. Again no snack bags or diet trays noted. These trays are filled on a line. As a line starts at one end and completes at the other, so does this food line. At the end of the line the trays are stacked upon a so called food cart & shrinked(sic) wrapped. All product sent to the building is shrink wrapped with the trays. Note both the panned temp and received temp.

The officer comes to the kitchen, retrieves the trays and returns with them to the building. This is the time to temp the trays as received. No F.S.S. comes to the building with the trays. The C.O. did not temp receive the trays. There is no arrival or departure time listed. No signature at all except a incorrect quality check by F.S.S. Spearman. All of this is indicative of a three time daily ritual.

The Valley Foods and its supervisors know exactly how many special diets and snack bags that are to be prepared and forwarded to the buildings. The building officers also are apprised of this. The foremost one prepares and certifies the completeness and accuracy of the food product by their signature. The latter one receives

CONTINUATION QUESTION NINE

And signs for the buildings complete allotment. So the F.S.S. approves the completeness, quality, accuracy, ect., of the food carts by their signature and the building officer does the same by theirs.

However, as can be seen by Exhibits Nos 100-102 this is rarely accomplished.

Food Service is also aware I do not eat their jelly. This is one of the many reasons they substitute fruit in my diet. For quite some time now when the menu calls for peanut butter and jelly, I have not received a tray. The Valley Foods blends the peanut butter and jelly together thereby creating one substance from two. On these days for some strange reason, they do not have plain peanut butter, so I do not get a tray. Or if I do I give it away.

On 13 February 2016 for lunch they tried to give me one of those PB and J trays stating everyone is eating off the main line. I left the tray out in the sallyport with the C.O. and did not receive another tray.

On 15 February 2016, again at lunch, they placed no bread or fruit upon my tray. That left me with rice (plain/white) and greens.

For quite some time now, I have supposed to been signing for my trays. This was instituted by M.D.O.C. and Valley Foods. Note Exhibits Nos 11, 40, 75, 76, 85, 98, 99. I agreed to this. However,



CONTINUATION QUESTION NINE

I have failed to accomplish this for quite some time as Valley Foods refuses to provide me with these documents. Examine Exhibits Nos 98, 99, specifically No. 98,

Sivori is to also sign for his snack bags. See Exhibits Nos. 11, 40, 75, 76, 85, 98 This is being done at times. However, when the trays are delivered to the building it is not being completed. Valley Foods does not seem to be able to achieve this. At these times the officer signs the paper. Actually, we are both supposed to sign it. The officer does not know exactly what is supposed to be in the snack bag or will accept + sign for corrupt food product, leaving me to hold the bag — no pun intended.

The receipt of / for my snack bag can be forwarded to the building with the trays and the snack bag, if the Food Service so wanted. Someone else or no one signing for my sustenance does not indicate it is complete or Kashrut. Only, I, for now can do so, sign the log to indicate this. Also, when I do sign this log, I am not allowed to retain a copy.

Respondents have been instructed many times in regards to my Kashrut tray and snack bag. See Exhibits 05, 06, 07, 11, 24, 25, 26, 28, 57.

Assuming I can receive my snack bag, the M.D.O.C. by and through a branch of the enforcement arm(s) will roust me and arrogate my snack bag. This occurred as recently as:

On 18 February 2016, the K.9 Unit at Parchman conducted a



# CONTINUATION QUESTION NINE

/

Shakedown of Sivori's living quarters. See Declarations of Laurence Branch, M.S.P. Number L/208 And Raul Molinar, M.S.P. Number 163602 both dated 21 February 2016. See Exhibits Nos 111, 112

On this day a female K.9 Officer, C.O. IV S. Williams did perform a shakedown of Sivori's living quarters. During this time she observed Sivori's snack bag And "intimated he was using the product to violate M.D.O.C. Policy. Sivori informed her it was his snack bag, how it was issued to him And what its purpose was. Ms Williams proceeded to Arrogate the snack bag And informed Sivori if what he stated was true she would Return the snack bag, This she did not do.

This is the second time in Approximately six (6) months K.9 has Accroached Sivori's snack bag. It was Annexed previously by them on 14 August 2015 At which time Sivori did issue various written complaints. See Exhibits Nos 103, 103(a), 104, 105, 106, 106(a), 107, 107(a), 108, 109.

Mr. Marshall Fisher had the C.I.D interview me concerning the 14 August 2015 incident. Refer EXHIBIT 109. Sivori has not been Apprised of the outcome of this C.I.D investigation. Although As noted in his original complaint he expect Absolutely nothing to come of it. See Exhibit 103. And again noted in his final letter to Mr Fisher. Refer Exhibit 109.

Due to the lack of positive response from M.D.O.C. concerning the 14 August 2015 incident, he is not filing An informal complaint with M.D.O.C. for the 18 February 2016 one.



# CONTINUATION QUESTION NINE

18 February 2016 - Lunch, pulled pork in blackeye peas. Did not eat lunch.

20 February 2016 - No vegetables in snack bag. And 21 February 2016.

The M.D.O.C. and Sivori came to an agreement which concluded they (M.D.O.C.) would place Sivori on a modified diet that would fulfill the diet requirements of same M.D.O.C. And Sivori's faith component.

The M.D.O.C. are not fulfilling Sivori's faith component by placing non-Kashrut food product throughout his diet as in improper meats and corrupt vegetables in his snack bag.

M.D.O.C. is very well capable of meeting this low set bar of Sivori's as they have done so in the past. Albeit for a very short time span only.

In the past, Sivori has been provided with the following by the M.D.O.C. and its Food Service: Fresh; cucumbers, radishes, celery, bell peppers, carrots, broccoli, cauliflower, onions, cherry tomato's . . . apples, blueberry's, raisin's, dates, prunes, banana's, oranges, pear's.

Parchman has honey bee hives / farm and I was informed awhile back by Mr. Roger Davis, F.S.D., that he would see to it that they supply me with some. This never came into fruition. I have yet to be granted Kosher salt.

Sivori is also enclosing a basic and simple definition of Kashrut titled; Kashrut / Kosher. This is not an all inclusive definition - but a trimmed to the bare bone version. See Kashrut / Kosher insert.



# CONTINUATION QUESTION NINE

Also enclosed is list of ranking personnel of the M.D.O.C. who have been notified of Sivori's issues by Sivori or by themselves, such as office to office memo's, showing the dates of notice. This compilation starts with Mr. Marshall Fisher, Commissioner and ends four (4) pages later with Lt. Shirley Harris, Correctional Supervisor, Unit 29. Note Informed Parties listing.

## Summary

In summation Sivori and the M.D.O.C. entered into an Agreed Settlement to meet Sivori's Faith based dietary restrictions by placing Sivori on a modified diet Approved by the M.D.O.C.

M.D.O.C. can if it so chooses meet these requirements as it has shown to do in the past.

M.D.O.C. is constantly failing to meet Sivori's requirements by the Act of placing non-Kasherut meat upon my food trays either by itself or mixed in with the vegetables.

M.D.O.C. is utilizing outdated vegetables in Sivori's snack bag claiming them to be fresh, when in fact they are corrupt to the point of decomposition, and at times off colour and sour smelling, and at others plain rancid as well.

The M.D.O.C. for whatever reason is constantly running out

CONTINUATION QUESTION NINE

Of the fresh vegetables and fruit to be served in Sivori's snack bag, and alot of times they fail to compensate for the absence, or, if by chance they try to do so, it amounts to and inadequate and unequal substitution for the missing product.

Sivori has complained over and over in regards to all of this with little or no result from M.D.O.C., with the exception of their outright denial or their reversing the situation by placing the blame upon Sivori because of his refusal to accept non-kashrut food or incomplete food trays and snack bags.

Sivori rarely signs for his trays and signs for his snack bag mostly when the snack bag is proper. It is close to two (2) years since he has signed for his tray. Sivori believes the M.D.O.C. is withholding the signature log as he is apt to make notes of discontent upon it when something is in error.

Sivori has offered up suggestions to resolve this problem and the M.D.O.C. has refused to implement the solutions offered by Sivori.

The M.D.O.C. has a tendency to confiscate Sivori's snack bag during shakedowns never returning them. The M.D.O.C. knows these are mine as they are the one supplying them. Sivori believes this to be a form of harassment and retaliation. The most recent and notable shakedown and confiscations were taken by the K-9 Unit at Parchman and occurred on the following dates: 14 August 2015 and 18 February 2016. See Exhibits Nos 103, 103a, 111, 112.

During and after these illegal seizures the M.D.O.C. will



CONTINUATION QUESTION NINE

Refuse to document this on an Incident Report, Non-Allowable Property Receipt, or a Contraband Notice as is required by M.D.O.C. Policy and S.O.P.

M.D.O.C. is constantly telling Sivori to do this or that, or talk to so and so about this or that, and yet when he does so, M.D.O.C. refuses to comply with their own directives to Sivori. Refer to Exhibits Nos 05, 06, 07, 08, 11, 40, 50, 51, 85, 88.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 5

10.    State briefly exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority. CONTINUED ON ADDENDUM TEN

1. A SECURED AREA in the Unit 29's Kitchen for his Kashrut food and related items, i.e., trays, pots, pans, utensils, Ect. Area to include dry and frozen goods storage, with sinks, cooking, and baking units. Most if not all can be obtained from property left behind in Units now closed down and abandoned.

2. A documented list of all approved and ordered, on hand Kashrut product as in an inventory sign in/out log, given to him.

3. To be allowed to assist in the approval, ordering, preparing, and serving of the Kashrut meals and snack bags.

4. For Kashrut foods to include but not be limited to the following: tomato's, bell peppers, onions, cauliflower, cucumbers, celery, radishes, raisins, prunes, oranges, blueberry, apples, dates, pears, bananas, as has been issued to Sivak in the past. As well as Kashrut salt and honey that Sivak was informed that he would be receiving.

5. For the M.D.O.C., et al., to quit confiscating my snack bags when they perform their shakedowns and that a posting be made for all of the M.D.O.C. personnel in concern of this so that no matter who is on duty in the kitchen and in Sivak's housing unit will be made aware of his being allowed to have this product.     SEE CONTINUATION OF TEN

This Complaint was executed at (location):    UNIT 29 D - PARCHMAN, MS, 38738

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: 23 February 2016                          _Frank Sivak_
                                                Plaintiff's Signature

6) To be given fresh fruit and vegetables in my snack bag, and no longer the spoilt and corrupt versions.

7) To be given true and correct copies of any document Sivori may sign in concern of his Kashrut diet and snack bag at the time the signature is given.

8) For M.D.O.C. to quit passing the buck and placing the blame on everybody but the proper parties in regards to all improprieties accounted to Sivori's Kashrut food tray and snack bag.

9) To quit giving Sivori problems when he attempts to obtain his food tray and snack bag at times when M.D.O.C. and Valley Foods may have it incorrect.

10) To properly substitute the food product when one is not available, and not just pretend like nothing is wrong.

11) To end the lying to me about why it is not available, I worked as a stock and inventory clerk, a shipper and receiver in dry, refrigerator, and frozen food distributor warehouses, and in cross country transportation of all of this and more so their so called reasons and excuses are not valid.

Sworn to and subscribed by my own hand this 23rd day of February, 2016, under 28 U.S.C. § 1746.

By: Frank Sivori

Frank Sivori, 35659
Unit 29 D Building
Parchman, MS, 38738

# Certificate Of Service

I, Frank Sivori, 35659, pro se, hereby affirm that I have on the below listed date, forwarded to the parties underneath a true and correct copy of Civil Complaint § 1983.

Pro Se Law Clerk,
P.O. Box 704
Aberdeen, MS, 39730

Mr James (Jim) Norris, S.A.A.G.
P.O. Box 38
Parchman, MS, 38738

Executed on 23 February, 2016.

Frank Sivori, 35659
U390
Parchman, MS, 38738

26 of 27

U.S. POSTAGE ▷ PITNEY BOWES

ZIP 38738 $ 001.09⁰
02 1W
0001376701APR 12 2016

Frank Sivori, 85659
Unit 29 D Building
Parchman, MS, 38738

**RECEIVED**

**APR 14 2016**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

MISSISSIPPI STATE PENITENTIARY
INMATE LEGAL ASSISTANCE PROGRAM
POST OFFICE BOX 10
PARCHMAN, MS 38738

**STATE** POSTAGE PAID
INMATE LEGAL MAIL
MISSISSIPPI STATE PENITENTIARY
PARCHMAN MISSISSIPPI 38738

THE ENCLOSED LETTER HAS NEITHER BEEN OPENED
NOR INSPECTED, IF THE WRITER ENCLOSES ANY
MATERIAL NOT PERTAINING TO LEGAL BUSINESS, OR
ENCLOSES CORRESPONDENCE FOR FORWARDING TO
ANOTHER ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE ADDRESS.

Pro Se Law Cl
P.O. Box 704
Aberdeen, MS,