**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**FRANK SIVORI**                                                               **PLAINTIFF**

**V.**                                                                  **NO. 4:16-CV-74-DMB-JMV**

**MARSHALL FISHER; et al.**                                     **DEFENDANTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This civil rights action is before the Court for consideration of the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden. Doc. #16.

**I
Procedural History**

On April 14, 2016, Frank Sivori filed an action in this Court against Marshall Fisher, Earnest Lee, Timothy Morris, Marshall Turner, Andrew Mills, Wendell Banks, Marylen Sturdivant, Chaplain Wigglesworth, Stanley Brooks, Roger Davis, Chris Blaine, Food Service Supervisor Gooden, Food Service Supervisor Spearman, Food Service Supervisor Rash, Food Service Supervisor Parker, Food Service Supervisor Washington, Correctional Supervisor Lt. Romander Nelson, Sgt. S. Williams, and MDOC. Doc. #1. On September 8, 2016, Sivori filed a document titled "Motion to Amend," which is in substance an amended complaint, naming as defendants Aramark Correctional Services, Captain Norris Morris, Captain Mary Jones, Captain David Bradford, Lt. Robinson, Lt. Lillie Tellis, C.O. Johnson, C.O. Mitchell, C.O. Hall, and C.O. Marilyn Grandberry. Doc. #9. Sivori complains the defendants have failed to provide him with the religious diet MDOC promised him in a previous settlement agreement regarding his diet, and that Grandberry retaliated against him for his efforts to procure that religious diet.[1]

---

[1] *See Sivori v. Sparkman*, No. 4:10-cv-8 (N.D. Miss.) (Doc. # 78).

On September 27, 2016, Sivori appeared before United States Magistrate Judge Jane M. Virden for a *Spears* hearing. Doc. #13. After the hearing, Sivori filed two exhibits to his amended complaint. Doc. #14; Doc. #15.

On October 17, 2017, Judge Virden issued a Report and Recommendation ("R&R") addressing Sivori's claims. Doc. #16. The R&R summarizes Sivori's allegations as follows:

> Mr. Sivori's complaint sets forth problems with his food service and preparation from about November 2015 through April 2016. He complains about spoiled food, mixed meat and vegetables, prisoners stealing his food, improper documentation of who handled his food tray, too many people handling his food tray, breakfasts consisting solely of starch, and other problems. His amended complaint in this case continues his recitation of deviations from the agreed diet – and adds a claim of retaliation. He alleges that Corrections Officer Marilyn Grandberry is dating a member of the M.O.B. prison gang (The Bloods) – and that on May 31, 2016, he had complained informally about her interference with his religious diet. He then filed a grievance regarding her actions on June 7, 2016, and Correctional Commander Captain David Bradford discussed the issue with her. On July 3, 2016, members of the M.O.B. gang attacked Sivori as he lay napping in his underwear; they beat him until he fled from the zone, and they took his property. One of his attackers told him that he had been "writing up the wrong officer." He was transported to the MDOC hospital at Unit 42, then to a hospital in Clarksdale, where he was diagnosed with a pneumothorax (collapsed lung), and three fractured ribs. He was released to the prison hospital at Unit 42, but then transferred back to the Clarksdale hospital for further treatment. He was discharged on July 6, 2016, and placed back into Unit 29 D-Building because he would not identify his attackers. On July 29, 2016, as Sivori sat in the Unit 29 Clinic Holding tank, someone opened the doors for the M.O.B. leader and his chief enforcer, who entered and told Sivori: (1) that the leader had orchestrated the attack of July 3; (2) the Unit 29 A-building belongs to him; (3) that Sivori better not mess with his girl (Grandberry); (4) that Sivori could run but not hide from Ma Bell (meaning gang members with cell phones); and (5) next time would be worse.

*Id.* at 2–3 (internal footnote omitted). The R&R's recitation of the factual allegations included a footnote stating, "M.O.B. literally means 'Member of the Bloods.'" *Id*. at 3 n.2. Based on these allegations, the R&R recommends:

> [T]he plaintiff's claims regarding failure to provide him with an appropriate religious diet should proceed against defendants Aramark Correctional Services, Stanley Brooks, Roger Davis, Chris Blaine, Ms. Gooden, Spearman, Rash, Parker, Washington, Sgt. S. Williams, Captain Norris Morris, Captain Mary Jones, Captain David Bradford, Lt. Ada Robinson, Lt. Lillie Tellis, C.O. Johnson, C.O. Hall, C.O. Mitchell, and Marilyn Grandberry. In addition, the plaintiff's claims against

2

> Marilyn Grandberry for retaliation should proceed. Further, plaintiff's claims against defendants Marshall Fisher, Earnest Lee, Timothy Morris, Marshall Turner, Andrew Mills, Wendell Banks, Marylen Sturdivant, Chaplain Wigglesworth, and Lt. Nelson should be dismissed with prejudice from this case because none of them had any personal involvement in the acts or omissions giving rise to the plaintiff's claims. Finally, the Mississippi Department of Corrections should be dismissed as a defendants [sic] because, as an arm of the State, it is cloaked with immunity under the Eleventh Amendment.

*Id*. at 7.   Sivori timely filed an objection to the R&R.   Doc #18.

## II
## Analysis

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

> In his objection, Sivori sets forth four "corrections" to the R&R:
>
> The M.O.B. who attacked me are not "Bloods." They are a branch of the Gangster's a sort of enforcement one, I think. They seem to have been inspired by the old world gangster of the teens, twenties, and thirties, and try to model some of their ways after that stupid insanity. Their definition of the acronym M.O.B. is Money Over B----.
>
> The M.D.O.C. upon my discharge from Unit 42 attempted to place me back into Unite 29D. Thankfully they changed their mind and placed me in U29C Bldg.
>
> The M.O.B. leader said he ran Unit 29 D A Zone. Not Unit 29 A Building.
>
> Also the defendant Washington is a Food Service Supervisor, not a nurse. We do have a Nurse Washington, however, she is not a defendant in my action.

Doc. # 18 at 1.  Sivori contends that he does "not know if [the corrections] would make any difference overall."  *Id*.

3

As an initial matter, to the extent Sivori's first three "corrections" assert that the R&R inaccurately reflected his allegations, the Court will reject those portions of the R&R. Because these allegations, however, have no bearing on the R&R's ultimate conclusions, the objections will otherwise be overruled.

Sivori's fourth "correction" appears related to the docket in this case, which erroneously lists "Food Service Supervisor Washington" as "Nurse Washington." To the extent this designation is inconsistent with the naming of the defendant Washington in Sivori's complaint, the caption must be corrected.

### III
### Conclusion

For the reasons above:

1. Sivori's objection [18] is **SUSTAINED** only as to the above-described factual corrections; otherwise the objection is **OVERRULED**.

2. The Report and Recommendation [16] is **ADOPTED**, except for the above-described factual corrections, as the opinion of the Court;

3. Sivori's claims against Marshall Fisher, Earnest Lee, Timothy Morris, Marshall Turner, Andrew Mills, Wendell Banks, Marylen Sturdivant, Chaplain Wigglesworth, Lt. Nelson, and the Mississippi Department of Corrections are **DISMISSED with prejudice**;

4. Sivori's claims for failure to provide an appropriate religious diet will **PROCEED** against Aramark Correctional Services, Stanley Brooks, Roger Davis, Chris Blaine, Ms. Gooden, Spearman, Rash, Parker, Washington, Sgt. S. Williams, Captain Norris Morris, Captain Mary Jones, Captain David Bradford, Lt. Ada Robinson, Lt. Lillie Tellis, C.O. Johnson, C.O. Hall, C.O. Mitchell, and C.O. Marilyn Grandberry; and Sivori's claim against C.O. Marilyn Grandberry for retaliation will **PROCEED**; and

5. The Clerk of the Court is **DIRECTED** to correct the caption of this case such that "Nurse Washington" is listed as "Food Service Supervisor Washington."

**SO ORDERED**, this 14th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**